Shauck, J.
The opinion of the circuit court is before us and it shows that there was much reluctance in reaching the conclusion, that upon the facts stated Penney had a lien upon the premises which was entitled to prevail against the title of purchasers for value without actual or constructive notice of his claim. From brief and opinion it appears that the judgment of the circuit court is thought to be justified by the provisions of Section 4275, Revised Statutes. That section and Section 6934a-5 contain the only provisions for liens upon premises in which gambling or bucket shops are carried on, the former section containing the only provisions for liens to secure claims for money lost upon which, according to the settled principles of the common law, there could not even be a recovery because arising out of transactions in which both parties are acting unlawfully. The lien created by Section 6934a-5, is a security for the fine prescribed for permitting premises to be used as a bucket shop, and it is a lien for no other purpose. The act prohibiting bucket shops and dealing in margins is a part of Title I, Chapter 8 of the Revised Statutes, which regards offenses against public policy. Section 4275 is a part of *224 Title Y, Chapter 5 of the Revised Statutes. Not only by its connection, but by its express term, it relates only to judgments recovered “under this chapter.” Some confusion was introduced into the case by the allegation of the petition that the-plaintiff's claim was for money lost at gambling, but the finding of the court is explicit that he had lost the money in a bucket shop venture, and thus the case is excluded from the operation of Section 4275. In Lester v. Buel et al., 49 Ohio St., 240, it was held that Section 4270, Revised Statutes, authorizes a recovery of money lost in a bucket shop which Section 6934a denounces as a gambling contract. But this relates to a recovery against him by whom the unlawful business is carried on, and there is neither decision nor provision of statute which gives to the loser in a bucket shop venture a lien upon the premises where ,the unlawful business is carried on until he brings a suit to subject:
The judgment of the circuit court is supposed to receive important support from Binder v. Finkbone, 25 Ohio St., 103. But that case is removed beyond supporting distance by two obvious differences. Firstly, it concerned a recovery under the chapter of which Section 4275 is a part, and to which, by its terms, it does apply whatever may be its proper interpretation; and, secondly, it was the assertion of a lien against the property where the business was carried on while it remained in the ownership of him who had knowingly permitted its unlawful use, and not in the possession .of his vendee for value who had no such knowledge. In both legislation and- adju *225 dication there is frequent recognition of the capacity of the general assembly, in order to secure the effective exercise of the police power, to charge one with the consequences of what transpires upon his own premises with his knowledge, but legislation to visit such consequences upon his vendee, without knowledge or an accessible source of knowledge, would promptly start inquiry as to its validity. In the most obvious sense the legislation here involved is in derogation of the common law, and, therefore, to be followed by such consequences only as it plainly defines. .

Judgment of the circuit court reversed,, that of the common pleas affirmed.

Price, C. J., Summers, Spear and Davis, JJ., concur.